## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:

THOM CASEBOLT, an Individual, and all
others similarly situated pursuant to
29 U.S.C. §216(b),

        Plaintiff,

vs.

MONSTER CONSTRUCTION INC., a Florida corporation,
and ROGER BUCZEK, an individual

        Defendants.

_____/

### VERIFIED COMPLAINT

Plaintiff, THOM CASEBOLT, on behalf of himself and all others similarly situated, pursuant to 29 U.S.C. §216(b), files the following Complaint against Defendants, MONSTER CONSTRUCTION INC. ("MCI") and ROGER BUCZEK (BUCZEK), an individual, and alleges:

### PARTIES

1.      This is an action arising under the Fair Labor Standards Act, 29 U.S.C. §§201-216 (the "FLSA"), as well as Chapter 448.110, Florida Statutes.

2.      At all times material hereto, Plaintiff was and is a resident of Palm Beach County, Florida, over the age of 18 years, and otherwise *sui juris.*

3.      At all times material hereto, Defendant, MCI, was and is a Florida corporation located within this District, Palm Beach County, Florida, and transacting business within this District.

4.     At all times material hereto, Defendant, BUCZEK, was and is a resident of this District, owner and operator of Defendant company, MCI, within this District, over the age of 18 years, and otherwise *sui juris.*

5.     At all times material hereto, upon information and belief, MCI was the FLSA employer during Plaintiffs relevant period of employment.

6.     BUCZEK is the corporate officer and/or owner and/or manager or managing member of the Defendant company and runs and has ultimate control and decision making authority over A1 for the relevant time period, and was responsible for setting and paying Plaintiffs wages for the relevant time period, and had ultimate control and authority over Plaintiffs work and work schedule, and was therefore Plaintiffs employer as defined by 29 U.S.C. §203(d) during the relevant employment period.

7.     Defendants' business activities involved those to which the FLSA applies. The Defendants' business and Plaintiffs work for the Defendants affected interstate commerce because the materials and goods used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiffs use of the same. Plaintiffs work for the Defendants was in and/or so closely related to interstate commerce while he worked for the Defendants that the FLSA clearly applies to Plaintiffs work for the Defendants in this case.

8.     Defendants regularly employed two or more employees during the relevant time period who handled goods or materials similar to those handled by Plaintiff or used the instrumentalities of interstate commerce or the mails, thus making Defendants' business an enterprise covered by the FLSA.

9.      Upon information and belief, the Defendants' corporation grossed or did business in excess of $500,000.00 annually during the relevant time period.

10.      During his working hours, Plaintiff and all similarly situated individuals were required to work in the showroom, at trade shows and required to travel to customers and job sites to perform their various duties. Defendant and all similarly situated individuals were to be compensated solely by a commission on sales, as described below. This commission based compensation did not cover minimum wage or the required overtime pay during Plaintiffs' employment with Defendants.

11.      All acts and omissions giving rise to this dispute took place within this District, and MCI is headquartered and doing business in this District.

12.      Jurisdiction is proper within the Southern District of Florida pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §§1331 and 1337.

13.      Venue is proper within this District pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1391(b).

## FACTUAL ALLEGATIONS

14.      On or about August 2018, Plaintiff and Defendants entered into a verbal contract of employment, in which Plaintiff was to work primarily in sales and marketing, but had other duties with respect to MCI's business. Plaintiff's employment concluded on or about August 2019.

15.      Plaintiff and Defendants agreed that Plaintiff would be compensated for his work solely on a commission basis. The commission rate was 10% of Plaintiff's actual sales, regardless of how or who developed the lead. Also, Plaintiff was entitled to a 5% commission

on the actual sales of other others. Payments of the commission were to be staggered and payable upon receipt of a deposit and upon completion of a job.

16.     Plaintiff was not fully compensated for all commissions earned by Plaintiff.

17.     Plaintiff's regular work schedule was 9:00am-5:00pm, Monday-Friday. However, Plaintiff was required to work a significant amount of time after 5:00pm.

18.     Plaintiff was not properly compensated for his regular and overtime hours worked for Defendants.

19.     Plaintiff worked at the Boynton Beach office and from his home. Plaintiff also worked in the field, traveling to customers and jobsites located in Broward, Palm Beach & Martin Counties. Plaintiff was required to use his own vehicle and cell phone, without entitlement to and was never compensated fees, costs, gas, mileage, repairs, tolls and maintenance, all of which reduced Plaintiff's effective earnings.

<u>**COUNT I:**</u>
<u>**FEDERAL OVERTIME WAGE LAW VIOLATIONS**</u>

20.     Plaintiff re-avers and re-alleges Paragraphs 1 through 19 above, as though fully set forth herein.

21.     This case is brought as a collective action pursuant to 29 U.S.C. §216(b) inasmuch as, upon information and belief, Defendants have employed numerous other employees, similarly situated to the Plaintiff, who have not been paid overtime for work performed in excess of 40 hours during the time period commencing three years prior to the filing of this Complaint through the date on which this Complaint was filed.

17.     29 U.S.C. §207(a)(1) states, *inter alia,* that "if an employer employs an employee for more than 40 hours in any work week, the employer must compensate the

employee for hours in excess of 40 at the rate of at least one and one and half times the employee's regular rate..."

18.    Defendants' failure, through today's date, to pay amounts owed pursuant to the Fair Labor Standards Act, is willful and intentional. Defendants knew of the overtime requirements of the Act and either intentionally avoided or recklessly failed to investigate proper payroll practices as they relate to the law. Accordingly, Plaintiff is entitled, and specifically requests, liquidated damages in an amount equal to double the unpaid time and a half that is due and owing. Plaintiff further requests all reasonable attorney's fees and litigation costs from the Defendants, jointly and severally, pursuant to the FLSA as cited above, with all amounts set forth hereinabove to be proven at trial, in a trial by jury, and for entry of judgment for such other amounts as this Court deems just and equitable under the circumstances.

19.    Further, upon information and belief, Defendants have employed other individuals during the subject time period, and each of these individuals was not paid a full and proper overtime wage as required by Florida and Federal law, and Plaintiff reserves the right to add additional persons to this action plaintiffs, and to move this Court for certification of a collective action.

WHEREFORE, Plaintiff, THOM CASEBOLT, respectfully requests certification of a collective action of all current and former employees of Defendants, MONSTER CONSTRUCTION, INC. and ROGER BUCZEK, and award Plaintiff and the collective double all unpaid overtime wages as provided by the Fair Labor Standards Act, as well as all reasonable attorney's fees and litigation costs from the Defendants, MONSTER CONSTRUCTION, INC. and ROGER BUCZEK, jointly and severally, pursuant to the Fair Labor Standards Act, and judgment for all such other amounts as this Court may deem and equitable under the circumstances.

## COUNT II:
## FEDERAL MINIMUM WAGE VIOLATIONS

20.     Plaintiff re-avers and re-alleges Paragraphs 1 through 19 above, as though fully set forth herein.

21.     Defendants have failed to pay Plaintiff and all similarly situated individuals a minimum wage as required by federal law, for one or more weeks of work for the Defendants in this case.

22.     Defendants were and are well aware for the federal minimum wage requirements, and therefore willfully failed to pay Plaintiff and all similarly situated individuals a minimum wage for one or more weeks of work, in violation of 29 U.S.C. §206.

WHEREFORE, Plaintiff, THOM CASEBOLT, respectfully requests that this Court certify a collective action of all current and former employees of Defendants, MONSTER CONSTRUCTION, INC. and ROGER BUCZEK, who were not paid in conformity with federal minimum wage standards. and award Plaintiff, as well as the collective, double unpaid minimum wages owed by Defendants as provided by the Fair Labor Standards Act, as well as all reasonable attorney's fees and litigation costs, pursuant to the Fair Labor Standards Act, and judgment for all such other amounts as this Court may deem and equitable under the circumstances.

## COUNT III:
## FLORIDA MINIMUM WAGE VIOLATIONS

23.     Plaintiff re-avers and re-alleges Paragraphs 1 through 19 above, as though fully set forth herein.

24.     Defendants have failed to pay Plaintiff a minimum wage as required by Florida law, for one or more weeks of work for the Defendants in this case.

25.    Defendants were and are well aware for the Florida minimum wage requirements, and willfully failed to pay Plaintiff and all similarly situated individuals a minimum wage for one or more weeks of work, in violation, *inter alia,* of the Florida Constitution, Article X, Section 24.

WHEREFORE, Plaintiff, THOM CASEBOLT, respectfully requests that this Court require Defendants, MONSTER CONSTRUCTION, INC. and ROGER BUCZEK, to pay all double unpaid minimum wages owed by Defendants as provided by Florida law, as well as all reasonable attorney's fees and litigation costs, pursuant to Florida law, and judgment for all such other amounts as this Court may deem and equitable under the circumstances.

## COUNT IV
## BREACH OF CONTRACT

26.    Plaintiff re-avers and re-alleges Paragraphs 1 through 19 above, as though fully set forth herein.

27.    Plaintiff and Defendants entered into a verbal agreement whereby, Defendant agreed that Plaintiff's work for Defendants would be compensated with a 10% commission on his sales and a 5% commission on the sales of certain others.

28.    Plaintiff fulfilled all requirements under the subject contract by working in excess of 40 hours a week and generating sales himself and by others.

29.    Notwithstanding that Plaintiff completely and timely fulfilled all of his obligations under the agreement of the parties, Defendants failed to properly compensate Plaintiff.

30.    As a direct and approximate consequence of Defendant's breach of this agreement, Plaintiff has suffered consequential and incidental damages.

WHEREFORE, for the foregoing reasons, Plaintiff, THOM CASEBOLT, respectfully requests that this court enter a final judgment for all damages incurred by Plaintiff as a consequence of Defendants' breach of the agreement of the parties, as well as all attorney's fees, costs, interest, and such other relief as this court may deem just and equitable under the circumstances or as well as for such other relief as this court may deem just and equitable under the circumstances.

**COUNT V**
**UNJUST ENRICHMENT**

31.     Plaintiff re-avers and re-alleges Paragraphs 1 through 19 above, as though fully set forth herein.

32.     Defendants asked Plaintiff to perform labor and other services, which Plaintiff provided from August 2018 through August 2019. In addition, Plaintiff incurred expenses in performing such labor and services for Defendants.

33.     Defendants received a material and real economic and non-economic benefit as a result of Plaintiff's labor and services and the expenses that were incurred by Plaintiff.

34.     Plaintiff's labor and services and the expenses that were incurred by Plaintiff benefitted the Defendants. Defendants appreciated the benefits, accepted the benefits and retained the benefits by gross earnings of the relevant sales by Plaintiff and certain others.

35.     Plaintiff's labor and services and the expenses that were incurred by Plaintiff for Defendants' benefits have a reasonable value, which Defendants refused to compensate Plaintiff for pursuant to their verbal agreement, when due and when demanded by Plaintiff.

36.     It is inequitable for Defendants to retain all the benefits of Plaintiff's labor and services and the expenses incurred on behalf of Defendants without paying Plaintiff the value thereof, which was set by agreement.

WHEREFORE, Plaintiff, THOM CASEBOLT, respectfully requests that this Court require Defendants, MONSTER CONSTRUCTION, INC. and ROGER BUCZEK, to pay to Plaintiff the value of his labor and services and the expenses incurred for Defendants' benefits to the full extent necessary to avoid Defendants from being unjustly enriched, and judgment for all such other amounts as this Court may deem and equitable under the circumstances.

## JURY TRIAL DEMAND

Plaintiff hereby requests and demands a trial by jury on all such claims.

**DATED** this <u>30th</u> day of March, 2020.

Respectfully Submitted,

**Law Offices of Nolan Klein, P.A.**
*Attorneys for Plaintiff*
5550 Glades Rd., Ste 500
Boca Raton, Florida 33431
PH:    (954) 745-0588

By: <u>*/s/ Nolan K. Klein*</u>
    NOLAN K. KLEIN
    Florida Bar No. 647977
    klein@nklegal.com
    amy@nklegal.com

## VERIFICATION

I hereby swear or affirm that the allegations set forth above are true and correct to the best of my knowledge, information, and belief.

THOM CASEBOLT

9