## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 9:20-cv-80530-DMM

THOM CASEBOLT, an Individual, and
all others similarly situated pursuant to
29 U.S.C. §216(b),

      Plaintiff,

vs.

MONSTER CONSTRUCTION INC., a
Florida corporation, and ROGER BUCZEK,
an individual,

      Defendants.
_____/

### JOINT MOTION TO REVIEW AND APPROVE FLSA SETTLEMENT AND DISMISS ACTION WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW

Plaintiff and Defendants, by and through their respective undersigned counsel, hereby jointly move the Court to review and approve their settlement and dismiss this action with prejudice, as follows:

1.    Plaintiff's complaint alleges, in part, that Defendants violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"), by failing to pay him alleged unpaid overtime compensation. Defendants vigorously deny any wrongdoing under the FLSA, and further deny Plaintiff is entitled to any relief whatsoever. The parties agree there is a bona fide, good faith dispute as to both liability and damages regarding Plaintiff's claims.

1

2. To avoid the costs and uncertainty of further litigation, the parties have negotiated a settlement of this matter. Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised with the approval of the district court (or under the supervision of the U.S. Department of Labor). The parties request that the Court review and approve their settlement and dismiss this action with prejudice. The parties further request that the Court reserve jurisdiction to enforce the terms of the settlement, should such enforcement be necessary.

3. All parties are represented by counsel in this action and all parties and their respective counsel agree and stipulate that the settlement represents a fair, reasonable, good faith and arms-length settlement of Plaintiff's claims.

4. As a result, Plaintiff and Defendants have agreed to a resolution of all claims in this matter as provided in the Settlement Agreement attached hereto as Exhibit "A."

5. The parties represent that as a result of this Settlement Agreement, Defendants have agreed to pay Plaintiff's attorneys' fees and costs, as negotiated by the parties and as stated in the Settlement Agreement. Plaintiff represents, and Defendants agree, that the allocation of attorneys' fees and costs reflected in the Settlement Agreement is reasonable.

6. The parties stipulate they had a bona fide dispute and are resolving the matter in order to avoid the cost and time of litigating the issues, as well as the risks associated with continued litigation. All parties have been represented by counsel throughout the litigation. Additionally, Plaintiff's claims involve disputed issues.

7. The Parties agreed to the terms of the settlement after they were counseled by their respective attorneys.

8. Counsel for both Parties represent that the settlement entered into by the Parties was an arms-length compromise and there was no collusion with regard to the settlement of this matter.

9. Counsel for the Parties also represent that the continuation of this litigation would necessitate further expense necessitating additional expenditures of costs and attorneys' fees.

10. Counsel for both parties agree that, in their respective opinions, the settlement is fair and reasonable under the circumstances.

11. To avoid the costs and uncertainty of further litigation, the parties have negotiated a settlement of this matter. Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised with the approval of the district court (or under the supervision of the U.S. Department of Labor). The parties request that the Court review and approve their settlement and dismiss this action with prejudice. The parties further request that the Court reserve jurisdiction to enforce the terms of the settlement, should such enforcement be necessary.

12. All parties are represented by counsel in this action, and all parties and their respective counsel agree and stipulate that the settlement represents a fair, reasonable, good faith and arms-length compromise of Plaintiff's claims.

WHEREFORE, Plaintiff and Defendants jointly request that the Court enter an order (a) approving the parties' settlement; (b) dismissing this action with prejudice; and (c) reserving jurisdiction to enforce the terms of the settlement, should such enforcement be necessary. A proposed order is provided herewith.

Dated:   June 18, 2020                                              Respectfully submitted,

| | |
|---|---|
| *s/Nolan Klein*_____ | *s/Daniel R. Levine*_____ |
| Nolan Klein, Esq. | Daniel R. Levine, Esq. |
| Florida Bar No. 647977 | Florida Bar No. 0057861 |
| Law Offices of Nolan Klein, P.A. | Padula Bennardo Levine, LLP |
| 5550 Glades Road, Ste. 500 | 3837 NW Boca Raton Blvd., Ste. 200 |
| Boca Raton, FL 33431 | Boca Raton, FL 33431 |
| Telephone: (954) 745-0588 | Telephone: (561) 544-8900 |
| Email: klein@nklegal.com | Email: DRL@PBL-Law.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record/individuals identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/ Daniel R. Levine*
DANIEL R. LEVINE, ESQ.

## SERVICE LIST

*Thom Casebolt v. Monster Construction Inc., et al.*
Case No. 9:20-cv-80530-DMM  (Middlebrooks / Brannon)
United States District Court, Southern District of Florida

| | |
|---|---|
| Nolan K. Klein, Esquire<br>E-Mail:  klein@nklegal.com<br>Law Offices of Nolan Klein, P.A.<br>5550 Glades Road, Suite 500<br>Boca Raton, FL  33431<br>Telephone:    (954) 745-0588<br>Counsel for Plaintiff<br>*Via CM/ECF* | Daniel R. Levine, Esquire<br>E-Mail:  DRL@PBL-Law.com<br>Padula Bennardo Levine, LLP<br>3837 NW Boca Raton Blvd., Suite 200<br>Boca Raton, FL  33431<br>Telephone:    (561) 544-8900<br>Facsimile:     (561) 544-8999<br>Counsel for Defendants<br>*Via CM/ECF* |