**Exhibit "A"**

## SETTLEMENT AGREEMENT

This Confidential Agreement and Mutual General Release (the "Agreement") is made and entered into on the date(s) reflected below by and between MONSTER CONSTRUCTION INC., a Florida corporation ("Monster"), and ROGER BUCZEK, individually ("Buczek") (collectively "Defendants"), on the one hand, and THOM CASEBOLT, an individual ("Plaintiff"), on the other hand.

WHEREAS:

A. Plaintiff previously was employed by Monster;

B. On or about March 30, 2020, Plaintiff filed a lawsuit on behalf of himself and those similarly situated against Defendants styled *Thom Casebolt, et al v. Monster Construction Inc., et al.*, in the United States District Court for the Southern District of Florida (the "District Court"), Case No. 9:20-cv-80530-DMM ("the Civil Action");

C. In the Civil Action, Plaintiff claimed unpaid minimum wages and overtime compensation, pursuant to the Fair Labor Standards Act of 1938, as amended ("the FLSA"), unpaid minimum wages, pursuant to Florida's minimum wage law, and unpaid commissions, pursuant to various cause of action brought under Florida common law;

D. Defendants dispute and deny, and will continue to dispute and deny, Plaintiff's claims in the Civil Action, as well as that Plaintiff is owed any monies for which he has not already been properly paid ("the Alleged Compensation Amount");

E. Defendants classified Plaintiff at all times as a non-employee, 1099 independent contractor and defended the lawsuit, in part, on that basis;

F. There are bona fide disputes between the parties as to whether Plaintiff is entitled to receive the Alleged Compensation Amount or any part thereof;

G. Defendants deny each and every material allegation set forth in the Civil Action and deny having committed any wrong or causing any injury to Plaintiff;

H. In order to avoid the further costs and burdens of litigation, Defendants and Plaintiff now desire to settle fully and finally any and all differences between them, including, but not limited to, those differences embodied in the Civil Action;

NOW, THEREFORE, Defendants and Plaintiff agree as follows:

1. The foregoing recitals constitute part of this Agreement and are true and correct.

2. In consideration of this Settlement Agreement and the mutual promises set forth herein and in full, final and complete settlement, Defendants shall cause to be paid to Plaintiff and Plaintiff's attorneys, Nolan Klein , Esq., Law Offices of Nolan Klein, P.A., 5550 Glades Rd., Suite 500, Boca Raton, Florida 33431, Telephone:   (954) 745-0588, E-Mail: klein@nklegal.com, the total gross amount of Two Thousand Five Hundred Dollars and No

EXHIBIT "A"

Cents ($2,500.00) (the "Settlement Amount").  Plaintiff shall receive the total gross and net amount of $1,250.00, as consideration for Plaintiff's execution of this Agreement and designated as non-wage, 1099 nonemployee compensation (compensatory damages), and Plaintiff's attorney shall receive the total gross and net amount of $1,250.00, as consideration for alleged attorneys' fees and costs.

Conditioned upon the District Court having entered an order approving the FLSA Agreement attached hereto as Exhibit "A" and dismissing with prejudice the Civil Action, Defendants shall cause to be delivered to Plaintiff's attorney's office the Settlement Amount by no later than July 10, 2020.

The payment of the Settlement Amount will be reported by Monster for tax purposes on Forms 1099 to be issued to Plaintiff and Plaintiff's counsel, Tax Id No. 26-3979896 , who agree and understand no taxes shall be withheld from this payment.  Plaintiff further represents, warrants, and acknowledges that the payment to Plaintiff's attorney set forth above is entirely at his instigation and request both as to fact and amount, and for his convenience, and Defendants are not in any manner whatsoever involved in his request that such payments be so directed. Plaintiff agrees and acknowledges that, as allocated pursuant to applicable law, he will be solely responsible for the payment of any and all taxes owed by Plaintiff with respect to the payment of the Settlement Amount referenced in this Paragraph and represents and warrants that such taxes will be timely and fully paid.

Neither Defendants nor Plaintiff make any representations as to the taxability of the Settlement Amount paid by Defendants to Plaintiff under this Agreement.  Plaintiff agrees to pay the employee, but not the employer, federal or state taxes, if any, which are required by law to be paid with respect to the payment of the Settlement Amount.  Moreover, the Plaintiff agrees to indemnify the Company and hold it harmless from any interest, taxes or penalties assessed against them by a governmental agency as a result of the non-payment of employee, but not employer, taxes on any amounts paid to the Plaintiff or Plaintiff's attorney under the terms of this Agreement.

3. The parties agree and acknowledge there are good faith, bona fide disputes between Defendants and Plaintiff as to whether Plaintiff is entitled to receive the Alleged Compensation Amount or any part thereof.  The parties further agree and acknowledge that this Settlement Agreement represents a fair, reasonable, good faith and arms-length compromise of disputed issues and claims. Notwithstanding, Plaintiff represents, warrants, and agrees that the amounts paid by or on behalf of Defendants pursuant to this Agreement represent payment-in-full of (a) the Alleged Compensation Amount; and (b) any and all others amounts, including but not limited to alleged wages (which Defendants specifically deny inasmuch as Plaintiff was classified as a 1099 independent contractor), liquidated damages, compensatory damages, costs and attorneys' fees, to which the Plaintiff claims or may claim entitlement as against the Defendant, including amounts pursuant to the FLSA or otherwise.

4. This Agreement is not, and shall not in any way be construed as, an admission by the Company or any of the Defendant Releasees of any liability to, or of any unlawful or otherwise wrongful acts against, the Plaintiff or any other person, and the Company specifically disclaims any liability to, or any unlawful or otherwise wrongful acts against, the Plaintiff or any other person on the part of the Company or any of the other Defendant Releasees.  The

EXHIBIT "A"

Defendant is resolving this case for business reasons only and continue to deny Plaintiff is owed anything whatsoever.

5. The parties agree and stipulate to the entry of an order approving this Settlement Agreement and dismissing the Civil Action with prejudice, and they agree to request that the District Court retain jurisdiction to enforce the terms of this Settlement Agreement, should such enforcement be necessary.

6. In the event that there is any litigation (including appellate proceedings or arbitration) arising out of or relating to this Agreement, the prevailing party shall recover, in addition to any and all other relief, his or its attorneys' fees and expenses.

[SIGNATURES APPEAR ON FOLLOWING PAGE]

EXHIBIT "A"

THOM CASEBOLT

_____
THOM CASEBOLT

Date: 6/18/2020


ROGER BUCZEK

_____
ROGER RUCZEK

Date: _____


MONSTER CONSTRUCTION, INC.

_____

_____, as its Authorized Agent
         PRINT NAME

Date: _____

EXHIBIT "A"

THOM CASEBOLT

_____
THOM CASEBOLT

Date: _____

ROGER BUCZEK

_____
ROGER RUCZEK

Date: 6/17/2020

MONSTER CONSTRUCTION, INC.

_____
Roger Buczek, as its Authorized Agent
PRINT NAME

Date: 6/17/2020

EXHIBIT "A"